IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ELMER KEITH AKINS                                                               PLAINTIFF

V.                                                      CIVIL ACTION NO. 2:10CV137-B-A

LINEN SERVICE, INC., D/B/A
BROADWAY LINEN SERVICES                                            DEFENDANT

## ORDER DENYING SUMMARY JUDGMENT

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

The plaintiff, Elmer Keith Akins, brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12111 et seq., ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654, ("FMLA"), asserting that his employer, defendant Linen Service, Inc., d/b/a Broadway Linen Services, discharged him because it regarded him as disabled or because he had a history of a disability and in retaliation for his taking necessary medical leave under the FMLA.

In June 2009, while the plaintiff was employed as a truck driver delivering linens to medical facilities for the defendant, he was diagnosed with Hepatitis B. The defendant informed Akins that he was "laid off" during his illness but advised him that he could return to work when he fully recuperated. The plaintiff was released to return to work by August 10, 2009. He alleges that prior to this date he was informed by the defendant's manager, Mike Ethridge, that he could not return to his former job of driving a route and delivering linens. Ethridge offered Akins an allegedly lower paying job in the defendant's physical plant. Akins asserts that he

accepted the job and left the meeting with the intention to return to work. He alleges that fifteen minutes after this meeting, his route supervisor, Mark Inmon, called him and told him he could not return to work. When the plaintiff inquired as to why he could not return to work, Inmon allegedly told him that this was what Ethridge had instructed and ended the discussion.

Akins contends that he again attempted to return to work on September 23, 2009, and has attached a letter to his response to the present motion which he asserts was hand-delivered by him to the defendant advising Ethridge that he was "feeling great" and was "ready to come back to work." He asserts he also sent a text message to Ethridge with the same content. The plaintiff alleges that he was never allowed to return to work and received no response to his correspondence.

It is uncontested that prior to the day the plaintiff took leave for his Hepatitis B diagnosis, he had never been written up or formally disciplined. While he was on leave, however, he was written up twice, the first write-up occurring only six days after he took leave. The defendant asserts that while the plaintiff was absent, Broadway Linen was shorthanded, and Inmon had to fill in and drive a route himself. According to the defendant, while Inmon was driving Akins' route, he received various complaints from the defendant's customers regarding Akins' alleged rudeness and inappropriateness. It is this assertion on which the defendant bases its legitimate, non-discriminatory reason for any adverse employment action, though the defendant denies that there was an adverse employment action. The defendant contends that it did not terminate the plaintiff's employment but offered him the position in the physical plant, which he refused. The defendant further asserts that Akins was not disabled within the meaning of the ADA and that it did not regard him as disabled.

The defendant has moved for summary judgment as to all "claims of the Plaintiff in their entirety against Linen Service, Inc., d/b/a/ Broadway Linen Services," but only addresses the FMLA claim in rebuttal to the plaintiff's responsive brief, making no mention of the claim in its original brief.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of

3

law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court has cautioned, however, that the ruling court must not encroach upon the functions of the jury. The Court stated in *Reeves* as follows:

> [T]he court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

*Id.* (citations omitted). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Examining the ADA, the Fifth Circuit has stated:

> The ADA prohibits discrimination against "a qualified individual on the basis of a disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). An ADA claim has three components: a plaintiff must prove that (1) he has a "disability"; (2) he is "qualified" for the job; and (3) an adverse employment decision was made solely because of his disability. An individual has a disability under the ADA if he or she (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such impairment.

*Atkins v. Salazar*, --- F.3d ---, 2011 WL 7704346, at *5 (5th Cir. 2011) (citations omitted).

The defendant asserts that the plaintiff cannot prove that he was disabled within the meaning of the ADA or that the defendant regarded him as disabled. The plaintiff asserts, however, that he was regarded as being disabled by the defendant. According to the Fifth Circuit,

> One is regarded as having a substantially limiting impairment if the individual (1) has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) has an impairment which is substantially limiting only because of the attitudes of others toward such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment.

*Deas v. River West, L.P.*, 152 F.3d 471, 475 (5th Cir. 1998).

The court finds that the plaintiff has set forth genuine issues of material fact including, but not limited to, whether the defendant regarded him as disabled within the meaning of the ADA, whether he was discharged from his employment or was offered another position which he declined, and whether the plaintiff's write-ups and reprimands were pretext for discrimination. The court also notes that the defendant made no argument showing why the court should dismiss the plaintiff's FMLA claim until its rebuttal brief. The court finds that the defendant's motion as to this claim is not properly before the court because it was set forth in a manner that prevented the plaintiff from effectively responding. Because these and other questions of fact remain, the court finds that the defendant is not entitled to summary judgment, and the motion should be denied.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion for summary judgment is **DENIED**.

This, the 19th day of April, 2012.

                                                  /s/ Neal Biggers
                                                  **NEAL B. BIGGERS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**